HENRY CORNWELL vs. THE BOARD OF EDUCATION.

#### ON EXCEPTIONS.

IN AN ACTION FOR DAMAGES on false representations, it was proved that at the public sale of land at auction the defendant offered for sale the Ahupuaa of Waikapu, subject to a lease to the plaintiff having five years yet to run. At the sale defendant exhibited a map which included a certain specific tract which had been leased to the plaintiff, and of which he at the time of the sale held possession. The sale was made as including such specific tract. This was an innocent mistake. But the defendant was responsible for it to the plaintiff. There was only a partial failure of performance, and the measure of loss thereby if any was admitted. In such a case damages can be recovered, and recision of the contract is not the only remedy.

Opinion of the Court by McCULLY, J.

At the the trial of this cause, when the plaintiff rested, the

Henry Cornwell v. Board of Education.

defendant moved the Court for an order of non-suit, or that the jury be instructed to render a verdict for the defendant, on the ground that the plaintiff had, himself, informed the Secretary of the Board of Education of the (proximate) number of acres, and that there was no express or implied warranty as to the area; and that the plaintiff's remedy, if any, was to call for a recision of the contract. The Court refused the motion, and defendant excepted and introduced his evidence and both parties closing, the defendant moved the Court to instruct the jury to render a verdict for the defendant on the same grounds as of the former motion, which motion was also denied. The Court instructed the jury that there was no conflict in the evidence as to the amount of damages claimed, or as to the alleged misrepresentations, and that the evidence would, if true, sustain a verdict for the plaintiff; which, under the direction of the Court, the jury rendered without retiring. No exception was taken to said instruction, but the defendant excepted to the verdict.

The exhibits and the evidence attached to the bill of exceptions give the following history of the transaction: The defendant November 13, 1875, offered at auction at an " upset price of $8,000, a tract of land known as the Ahupuaa of Waikapu * * * comprising an area of from 16,000 to 20,000 acres * * * subject to a lease having five years yet to run. Title, royal patent."

At the sale a certain map was exhibited by the defendant, purporting to represent the boundary and area of Waikapu, but without survey, notes or statement of the acreage. The plaintiff became the purchaser for the sum of $15,050. He was the holder of the lease set forth in the advertisement of sale as having five years to run. This lease demises four parcels of land in the Ahupuaa of Waikapu, the fourth being "all that tract of Kula land commonly known as the Waikapu commons, extending on both sides of the Waikapu main road and embracing all the said commons land known

to belong to the said Hawaiian Board of Education (except 25 acres) containing an aggregate of 13,000 acres more or less.

The land was offered and sold as an Ahupuaa by its name "Waikapu." The boundaries had not been determined as provided by law. The royal patent grants the "Ahupuaa of Waikapu," without survey or area. Subsequent to the sale of Waikapu the boundaries of the adjacent Ahupuaa of "Pulehunui" were adjudicated and determined by law in the highest appellate Court, and was adjudged to include a tract of about four thousand acres of what had been included in the "Waikapu commons." A map exhibited at the trial shows the projection taken from what had been known as Waikapu, and determined to belong to Pulehunui. There is no question that this part was included in the map shown at the sale and included in the lease held by the plaintiff from the defendant. The plaintiff was ejected from the possession thereof, and having sold this to a third party was obliged to repurchase it of the owners of Pulehunui at the cost of $7,500.

It is clear from these proofs that the plaintiff claims for misrepresentation as to a specific tract, and not for a deficiency in the area below the 16,000 to 20,000 acres offered for sale. There is no showing made in the bill of exceptions of the area found to belong to Waikapu, and the Court was not required to instruct the jury whether, on the facts of the case, the amount of land belonging to Waikapu corresponded with the amount offered for sale, within a legal construction of the terms "more or less."

The complaint both charges that the defendant falsely represented that said premises contained an area of from 16,000 to 20,000 acres, and that they comprised all the lands described in  *  *  *  a map or plan produced at the sale ; and further, that it was land described in a lease to the plaintiff, comprising the tract from which the plaintiff has been evicted. We are of opinion, therefore, that the Court was correct in refusing the instruction to find for the defendant

on this ground. And the first point in the exception, viz., that the plaintiff had, himself, informed the Secretary of the Board of Education of the (proximate) number of acres, must follow the above named point of exception. His representation of the area must be taken to include that which he was then holding under the defendant's lease, so that it was as to this part the defendant's own representation.

It is due to the defendant to say that the term "misrepresentation" is used only to signify a statement made according to its (the Board's) understanding of the facts, which, however, proves to be incorrect. This mistake in this case arose from dealing with large tracts of land by name, while their boundaries have not been confirmed by survey and Boundary Commissioner certificate. The Boundary Commissioner bases his determination principally on tradition as known to the oldest native residents. In the case of Waikapu and Pulehunui the Boundary Commission and subsequently the Supreme Court, found on such testimony that a large tract which had been held by the Government as Waikapu, under which leases and grants had been made, although the grants had been returned and cancelled for non-payment, was included in ancient Pulehunui. But parties are responsible for innocent mistakes.

See Story's Equity Jursip, Section 193. Pierson vs. Morgan, 2 Brows Cham. Rep., side page 384 et seq. Anislie vs. Medlycott, 9 Vesey, 13. Daniel vs. Mitchell, Story C. C. A., p. 173.

The remaining (third) exception was that the plaintiff's remedy, if any, was to call for a recision of the contract.

We take the law to be as expressed by Littledale, J., in Franklin vs. Miller, 4th Ad. and El., 605. "It is a clearly recognized principle that if there is only a partial failure of performance by one party, to a contract, for which there may be a compensation on damages the contract is not put an end to." To the same effect Lord Mansfield in Boston vs. Eyre cited in this case.

It is admitted here that the failure of performance was merely partial, and that there was an ascertained measure of compensation. Whatever right the plaintiff might have to claim a recision of the contract, it is very clear that he has also a right to compensation in damages for the partial failure when the damage can be definitely ascertained.

Smith *vs.* Richards, 13 Peters, 26.

We therefore overrule the exceptions.

A. S. Hartwell for plaintiff.

S. M. Davidson for defendant.